# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ROGER NOLASCO GUTIERREZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-03060-SPG (PD)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"), (ECF No. 14). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections may have been made.

In this immigration detention matter, the Report recommends the grant of the Petition in part and an order that Petitioner be released unless he is provided a bond hearing within seven days of the date of this order. (Report, ECF No. 14, at 14.) Petitioner's objections to the Report's recommended remedy do not merit a different result.

Petitioner objects to the Report's conclusion that the Due Process Clause does not require release and a pre-detention hearing. (Objections, ECF No. 15, at 2–8.) The objection appears to consist of three arguments.

First, Petitioner argues that he is not a member of the class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). (Objections 2–4.) He argues he is not a member of the *Maldonado Bautista* class because he is a previously paroled asylum seeker and, therefore, his remedy is not limited to a bond hearing. (*Id.*) But the Report did not find that Petitioner was a member of the *Maldonado Bautista* class whose relief was limited to a bond hearing. The Report instead analyzed Petitioner's claims under the lens of procedural due process. (Report 5–13.) The Report then found that, under the particular circumstances of this case—which included an allegation that Petitioner had violated the conditions of his release under the Intensive Supervision Appearance Program ("ISAP") twenty-nine times over his entire four-year period of parole— "a post-deprivation bond hearing will satisfy due process." (Report 12.) Because the Report did not rely on Petitioner's membership in the *Maldonado Bautista* class, Petitioner's objections on this basis have no bearing on the ultimate recommendation.

Second, Petitioner argues that, because he was previously paroled, the failure to provide him with pre-deprivation notice and a hearing was a due process violation that requires his immediate release. (Objections 4–8.) To support this argument, Petitioner cited to cases in which petitioners with alleged parole violations were nevertheless ordered to be released. (Petitioner's Reply, Dkt. 10, at 6.) The Court agrees with the Report that "Petitioner was not entitled to pre-deprivation process prior to being re-detained." (Report 12.) The record reflects an alleged twenty-nine violations of Petitioner's release under the ISAP. (Resp'ts' Opp. to Pet., ECF No. 7-1, at 2–3.) These included ten missed biometric check-ins, three failed virtual home

visits, three failed virtual office visits, eleven "tracker missed callback[s]," one missed in-person office visit on March 2, 2026, and one missed in-person home visit on March 23, 2026. (*Id.*) Thus,

> Petitioner has many more alleged violations than in the cases he cites, and the alleged violations span roughly the entire period of his parole, from 2022 to a day before he was re-detained. The numerous violations over the course of his parole lessen the risk of erroneous deprivation, as they suggest that the decision to impose the ankle monitor and then re-detain Petitioner had a factual basis and was not arbitrary.

(Report 10–11.) Moreover, when faced with these alleged violations, "Petitioner does not provide a credible alternative explanation for each alleged violation, other than he was unaware that they existed." (Report 11.)

Finally, Petitioner objects that a *post hoc* alleged justification for re-detention without pre-detention process is inadequate. (Objections 9–11.) Specifically, Petitioner objects that the record with the alleged twenty-nine ISAP violations was not authenticated. (*Id.*) The Court disagrees. Petitioner's twenty-nine alleged ISAP violations were listed on Form I-831, as a continuation of Form I-213. (ECF No. 7-1 at 1-2.) The Ninth Circuit has "held that 'documents may be authenticated in immigration proceedings through any recognized procedure, such as those required by INS regulations or by the Federal Rules of Civil Procedure.'" *Gonzalez-Utz v. Garland*, No. 23-240, 2024 WL 1406744, at *1 (9th Cir. Apr. 2, 2024) (rejecting argument that Forms I-213 and accompanying Forms I-831 were not authenticated) (quoting *Vatyan v. Mukasey*, 508 F.3d 1179, 1182 (9th Cir. 2007)). Here, Petitioner's fingerprints were on the forms, and the documents are part of his A-File. (ECF No. 7-1 at 1-3.) *See also Gonzalez-Utz*, 2024 WL 1406744 at *1 (finding such evidence sufficient). This was "evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id.* (quoting *Vatyan*, 508 F.3d at 1184). Thus, the Court finds no defect of law, fact, or logic in the Report. The Court concurs with

and accepts the findings, conclusions, and recommendations in the Report, and overrules Petitioner's objections.

Accordingly, it is hereby ORDERED:

(1) The Report and Recommendation (ECF No. 14) is accepted;

(2) Habeas relief is granted as to Claim Two and the remaining claims are dismissed;

(3) Judgment shall be entered granting the Petition in part; and

(4) Respondents shall release Petitioner Roger Nolasco Gutierrez (A # 241-679-653) unless he is provided, within seven (7) days of the date of this order, an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a), at which the Government will bear the burden of proof by clear and convincing evidence.

DATED: October 14, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE